**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| HUMAN RESOURCE CERTIFICATION INSTITUTE | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action: 1:10-cv-822 LO/JFA |
| HUMAN RESOURCES PROFESSIONAL ASSOCIATION | ) | |
| Defendant. | ) | |

**OPPOSITION TO MOTION TO DISMISS**

Plaintiff Human Resource Certification Institute ("HRCI"), by counsel, states as follows for Opposition to Defendant Human Resources Professional Association's ("HRPA") Motion to Dismiss ("Opposition").

## I. INTRODUCTION

In this action, HRCI asserts that HRPA's use of its SHRP certification mark, its SHRP shield service mark and its SENIOR HUMAN RESOURCES PROFESSIONAL service mark ("HRPA Marks") each infringes on HRCI's federally registered service marks. Prior to filing this action, HRCI instituted an action in Canada asserting that HRPA's use of the HRPA Marks in Canada infringes on HRCI's rights in its marks in Canada.

HRPA asks this Court to dismiss this case because the Court lacks subject matter jurisdiction over the claims asserted by HRCI and also lacks personal jurisdiction over it. In short, HRPA's Motion to Dismiss is premised on its incorrect factual assertion that it does not conduct business in the United States or in Virginia. As discussed in detail

below, not only does HRPA conduct business in the United States, its own records reveal that it is using the HRPA Marks in the United States, including within Virginia.

HRPA asserts the Court lacks subject matter jurisdiction because the Lanham Act cannot be extraterritorially applied to HRPA, a Canadian entity. HRPA's arguments fail because HRCI is seeking relief for trademark infringement of its marks through actions of HRPA occurring within the United States. HRPA next argues that this Court lacks personal jurisdiction over it because, again, it does not conduct business in the United States or in Virginia. Once again, HRPA's argument fails because HRPA has numerous members in the United States and, in fact, is using the HRPA Marks in the United States and Virginia.

Should the Court determine that the evidence presently known by HRCI concerning HRPA's conduct in the United States and Virginia fails to support jurisdiction over HRCI's claims and over HRPA, then HRCI should be permitted to conduct limited discovery on the jurisdictional issue. A significant amount of information relevant to the determination of jurisdiction is in the possession of HRPA and not publicly available. Also, HRCI has uncovered evidence that directly contradicts HRPA's declaration concerning its lack of activity in the United States and HRCI should be permitted to fully explore the contradiction. The grounds supporting discovery on the jurisdictional issue are set forth in HRCI's Motion for Leave to Conduct Limited Discovery, which is being filed simultaneously with this Opposition.

## II. Statement of Facts

HRCI has asserted the following facts in its Complaint. HRCI has been in the business of certifying human resource professionals for over 33 years and has become

recognized internationally as the leader in human resource certification. Over the past three decades, HRCI has certified over 108,000 human resource professionals in over 70 countries.

HRCI offers the following certifications for human resource professionals meeting varying program requirements:

(1) Professional in Human Resources (PHR® and PHR-CA[1] ®);

(2) Senior Professional in Human Resources (SPHR® and SPHR-CA ®);

(3) Global Professional in Human Resources (GPHR®);

HRCI began issuing its SPHR designation in 1984 in the United States. Over the past 26 years, HRCI has granted the SPHR designation to more than 44,000 human resource professionals. An additional 57,000 human resource professionals have been granted the PHR designation.

The HRCI certifications offer successful candidates national recognition of professional achievement, a demonstrated mastery of the "HR Body of Knowledge," career advancement aid, a challenge to stay abreast of developments in the field, a visual reminder of the candidate's professional status through display of earned designations on business correspondence and certification plaques. HRCI has received accreditation from the NCCA (National Commission for Certifying Agencies), which is reflective of the high standards set by HRCI.

HRCI is the owner of the following U.S. trademark registrations that are relevant to this action. Generally, the marks are used in connection with the human resources field:

[1] The "CA" designation is to signify a special certification for practitioners in California.

- U.S. Registration No. 2,934,752 for **SPHR certification mark.** First Date of Use: 1984. HRCI's SPHR mark is eligible for incontestable status and an appropriate filing was made with the Trademark Office on June 25, 2010 certifying 5 years of continuous use, along with proper payment. The incontestability filing was accepted by the Trademark Office on June 25, 2010.

- U.S. Registration No. 3,512,952 for the **SPHR–CA certification mark**, First date of use: May 28, 2007.

- U.S. Registration No. 1,703,985 for the **PHR certification mark.** First date of use: January 1, 1984. The PHR Certification Mark has obtained incontestable status.

- U.S. Registration No. 3,516,877 for the **PHR-CA certification mark.** First date of use: May 28, 2007.

- U.S. Registration No. 3,421,106 for the following stylized SPHR and shield design service mark. First date of use: October, 2005.




- U.S. Registration No. 3,416,517 for the following stylized PHR and shield design service mark. First date of use: October, 2005.




- HRCI owns state and federal common law rights in the SENIOR PROFESSIONAL IN HUMAN RESOURCES mark by virtue of its nationwide use in interstate commerce of the mark. Date of first use: January 1984. HRCI has applied for a federal registration of the SENIOR PROFESSIONAL IN HUMAN RESOURCES mark and is the owner of U.S. Serial Number 76/697,423.

HRPA is also in the business of certifying human resource professionals. Recently, HRPA began using the SHRP certification mark, a SHRP shield design service mark and the SENIOR HUMAN RESOURCES PROFESSIONAL service mark which are the subject of this action (the "HRPA Marks"). HRPA holds itself out to be the third largest HR association in the world with a stated mission to be a global leader in HR services. *See Exhibit* 1. HRPA purports to have over 18,000 members in 28 chapters and to host the largest annual Global conference in Canada. It also hosts a website at www.hrpa.ca. *Id.*

Upon information and belief, HRPA's standards for certification are not nearly as rigorous as HRCI's standards. As such, any confusion between the designations has or will degrade the value of HRCI's certification marks. For example, in order to obtain a certification from HRCI, an individual must possess specified levels of professional experience and must also pass rigorous educational tests administered by or for HRCI. *See Exhibit 2 (Powers Declaration) at ¶ 3.* To remain certified, the individual is required to recertify every three years. *Id.* Once earned, the certification signals to potential employers and the human resource community that the individual possesses significant knowledge and credentials in the field. *Id.* In contrast, HRPA simply requires a "self-assessment" and the filing of an application for an individual to be eligible for the SHRP designation. *See Exhibit 3.* HRPA does not administer any exams to test the candidate's qualifications in the human resources field.

As set forth fully below, contrary to the conclusory statements by HRPA in the declaration submitted by J. Scott Allinson ("Allinson Dec.") HRPA does, in fact, conduct

business in the United States and Virginia and is using the HRPA Marks in the United States and Virginia. *See Exhibit 4 (Wallack Declaration).*[2]

In addition to its use of the HRPA Marks by its members, HRPA maintains an active website that is accessible to individuals in the United States. An individual can become a member of HRPA and obtain a SHRP designation by completing a "self-assessment" online, downloading and completing an online application and mailing the application to HRPA. *See Exhibit 2.* In addition, its members in the United States and Virginia can obtain materials through the HRPA website, including access to six webinars that concern the SHRP designation at issue in this litigation. *See Exhibit 5.*

## III. ARGUMENT

### A. The Court has subject matter jurisdiction over HRPA because the claims concern HRPA's activities in the United States.

HRPA asserts that this Court does not have subject matter jurisdiction over this action because HRPA is a Canadian entity and the Lanham Act cannot be extraterritorially applied to its activities in Canada. This argument is irrelevant. In this action, HRCI seeks redress for HRPA's infringing activities in the United States, activities over which this Court clearly has subject matter jurisdiction. HRCI and HRPA are currently engaged in litigation in Canada to address HRPA's infringing activity in Canada.

HRPA's faulty jurisdictional arguments begin and end with its false assertion that it does not conduct business in the United States nor does it use the HRPA Marks in the United States. As discussed fully herein, HRPA conducts a significant amount of

[2] As noted above, the SHRP designation is a relatively new offering by HRPA. Thus, while its use in the United States and Virginia is not as extensive as HRPA's other designation (CHRP), it is expected to grow over time.

business in the United States and, moreover, HRPA is using the infringing HRPA Marks in commerce in Virginia.

**1. HRCI seeks to enjoin HRPA's use of the HRPA Marks in the United States.**

HRPA relies extensively on *Vanity Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633 (2nd Cir. 1956) for the proposition that the Lanham Act cannot be extraterritorially applied to HRPA. In *Vanity Fair*, the Plaintiff asserted claims against the Canadian defendant for infringement both in the United States and in Canada. *Vanity Fair*, 234 F.2d at 637. The District Court recognized that the portion of the complaint asserting claims based on trademark infringement in the United States was indeed within its jurisdiction, but dismissed the complaint in its entirety because the complaint was "thought to inextricably combine the Canadian and American issues."[3] *Id.*

In this case, HRCI seeks to enjoin HRPA for its infringing activities in the United States. HRCI does ask this Court to enjoin HRPA from using the HRPA Marks in Canada but, instead, relies on the action it brought in Canada to redress that infringing activity. As supported by HRPA's own authority, this Court has jurisdiction over HRCI's claims asserting that HRPA infringes on HRCI's trademark rights in the United States. *Vanity Fair*, 234 F.2d at 637.

**2. There is no possibility of conflict with the Canadian litigation due to the territorial limitations of the respective courts.**

HRPA's argument that the court should not hear this action because of the possibility that it will conflict with HRPA's trademark rights in Canada also fails to

[3] The District Court granted the plaintiff leave to file an amended complaint stating separately the "American issues." *Id.*

recognize the territorial limitations of trademark rights and the territorial limitations of the courts of the United States and Canada.

"Trademark rights exist in each country solely according to that country's statutory scheme." *V&S Vin & Srit Aktiebolag v. Hanson*, 146 F.Supp.2d 796, 797 (EDVA 2001)(Alexandria Division) (quoting *Fuji Photo Film Co., v. Shinohara Shoji Kabushiki Kaisha*, 754 F.2d 591, 599 (5th Cir 1985). "Thus, an action in a United States court is necessary to determine Plaintiff's United States trademark rights . . . and whether Defendants have infringed those rights." *Id.* Similarly, the Canadian courts should decide the parties' respective trademark rights in Canada.

HRCI is not asking this Court to determine whether HRPA has valid or superior trademark rights in the HRPA Marks in Canada, or whether HRPA's use of the marks in Canada infringes on HRCI's rights in Canada. HRCI is not asking the Canadian tribunal to determine the parties' respective rights in the marks in the United States.

HRCI asserts that it owns superior rights in both Canada and the United States and that HRPA's use of the marks infringes those rights in both territories. However, under the scenario presented by this case and the action in Canada, it could rightly be determined Party A has superior rights to the marks at issue in Canada while Party B has superior rights to the use of the marks in the United States. Such a finding is not inconsistent at all, but instead arises out of the basic principal that trademark rights are territorial and may differ from country to country.

In sum, the courts in the United States and Canada can (and should) separately determine the parties' respective rights in the marks at issue and issue orders consistent with those findings without the risk of a conflict in the rulings.

**3. This Court has jurisdiction over HRCI's common law trademark infringement claim.**

HRPA asserts that because the Court doesn't have subject matter jurisdiction over HRCI's statutory claims, it doesn't have subject matter jurisdiction over HRCI's common law trademark infringement claim. *See* Memo in Support at (III)(A)(1)(c)(2). For the reasons stated in sections III(A)(1) and (2) supporting subject matter jurisdiction over the statutory claims, this Court also has subject matter jurisdiction over HRCI's claim for infringement under the common law of Virginia.

**4. Alexandria is a convenient forum.**

"In general, plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate. *See Board of Trustees v. Baylor Heating & Air Conditioning*, 702 F.Supp. 1253, 1256 (EDVA 1988)(Alexandria). "Before transfer is warranted, a defendant must demonstrate that the deference due plaintiff's choice of venue is 'clearly outweighed by other factors.'" *Id.* (quoting *Darchuk v. Kellwood Co.*, 47 Fair. Empl. Prac. Cas. (BNA) 1259 (E.D.Ark. July 8, 1988) (1988 U.S. Dist. LEXIS 12859)([1988 WL 126573). "The plaintiff's choice is entitled to less weight where there is little to connect the chosen forum with the cause of action." *Id.* "And ordinarily, a plaintiff's choice of his home forum for venue purpose is given greater weight than a plaintiff's choice of a foreign forum." *Id.*

HRCI's main office is located in Alexandria, Virginia. Thus, it has chosen its home forum to litigate this matter. In addition, HRPA is using the alleged infringing marks in this District. Accordingly, there is a strong connection between the cause of action and the forum because infringement is occurring in this District and the harm from the infringement throughout the United States is felt by HRCI in this District.

HRPA is a Canadian entity that is conducting business in the United States. Since it purportedly does not maintain any offices in the United States, presumably its corporate witnesses would have to travel to the United States regardless of where the action is pending. Alexandria is in a major metropolitan area adjacent to Washington, D.C. There are two international airports, (Dulles International and Reagan International) less than an hour drive from the courthouse and non-stop flights are offered from Toronto to Washington, D.C.

**B. The Court has personal jurisdiction over HRPA.**

**1. Legal Standard**

In opposing HRPA's motion, which was filed prior to discovery, HRCI need only state a *prima facie* case of personal jurisdiction. *Board of Trustees, Sheet Metal Workers' Nat. Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040, 1043 (E.D. Va. 1997)(citation and quotations omitted). "This is a minimal burden, requiring only a finding that the facts as alleged by plaintiff, if unrebutted, would be sufficient to establish jurisdiction." *Colt Defense L.L.C v. Heckler & Koch Defense, Inc.*, 2004 U.S. Dist. LEXIS 28690 at *29 (E.D. Va. Oct. 22, 2004); *see also Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.3d 1275, 1282 (Fed. Cir. 2005).

Moreover, the Court "must construe all relevant allegations in the light most favorable to [HRCI] and draw the most favorable inferences for the existence of jurisdiction." *Verizon Online Servs., Inc. v. Ralsky*, 203 F. Supp. 2d 601, 609 (E.D. Va. 2002) (citation omitted). The Court also must draw all reasonable inferences arising from the proof, and resolve all factual disputes, in HRCI's favor. *McD Metals*, 964 F. Supp. at 1043 (citation and quotations omitted).

Where, as here, the "jurisdictional facts are inextricably intertwined with underlying claims, the proper course is to resolve the issue by proceeding on the merits." *Verizon*, 203 F. Supp. 2d at 609 n.6 (denying motion to dismiss where defendant's alleged contact with forum — spam email — was a subject of plaintiff's underlying claims). In this case, the underlying claims are that HRPA's use of the HRPA Marks in the United States is causing or is likely to cause confusion. Thus, since the use of the infringing marks is the subject of the jurisdictional issue as well as the substantive infringement issue, the proper course is to proceed with the case on the merits.

At minimum, "[i]f the district court concludes that the existing record is insufficient to support personal jurisdiction, [HRCI] is entitled to jurisdictional discovery" because HRCI can demonstrate how such discovery can lead to information that will support such jurisdiction. *Trintec*, 395 F.3d at 1283; *see also Coastal Video Commc'ns, Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999) (granting request for jurisdictional discovery because pertinent information was in control of the defendant and there existed "significant gaps in the record as to the nature and extent" of defendant's contacts with forum); *Crawford Harbor Assocs. v. Blake Const. Co.*, 661 F. Supp. 880, 881 (E.D. Va. 1987) (after hearing on motion to dismiss, court required plaintiff to respond to interrogatories and requests for documents related to personal jurisdiction) (citation omitted). *See also* accompanying Memorandum in Support of Motion for Leave to Conduct Limited Discovery.

"Determining the extent of a State's judicial power over persons outside of its borders under the *International Shoe* standard can be undertaken through two different approaches — by finding specific jurisdiction based on conduct connected to the suit or

by finding general jurisdiction." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002)(citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)(additional citations omitted). "If the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction." *Id.*

"In determining specific jurisdiction, we consider (1) the extent to which the defendant 'purposefully avail[ed]' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.' *Id.* (quoting *Christian Science Bd. Of Dirs. Of the First Church of Christ, Scientist v. Nolan*, 259 F.3d 209, 216 (4th Cir. 2001). "[A] State may, consistent with due process, exercise judicial power over a person outside of the State when that person (1) directs electronic activity into the State, (2) with the manifested intent of engaging in business or other interactions within the State, and (3) that activity creates, in a person within the State, a potential cause of action cognizable in the State's courts." *ALS Scan*, 293 F.3d at 714.

**2. The Court has specific jurisdiction over HRPA because HRPA is infringing HRCI's marks in Virginia.**

Despite the fact that HRCI does not have access to the vast majority of information concerning HRPA's activities, HRCI has uncovered sufficient evidence concerning HRPA's activities to support specific jurisdiction. The Allinson Declaration and HRPA's assertions concerning its lack of activity in the United States and Virginia have been completely disproven by information obtained by HRCI concerning HRPA members in the United States and Virginia.

**a. HRPA's direct activities in the United States and Virginia.**

First, HRPA states it "does not conduct any business anywhere in the United States." See *Allison Decl.* at ¶ 19. HRPA is an association that is in the business of soliciting individuals to become members in its organization. Contrary to its assertions, HRPA has numerous members in the United States. *See Exhibit 4, (Wallack Declaration) at Ex. 3.* Upon information and belief, these members in the United States regularly obtain information and resources from HRPA, including information concerning the SHRP designation at issue in the underlying infringement case. *Id. at ¶ 5.*

HRPA states it "does not intend for its designations to be used anywhere but Canada." *Allison Decl.* at ¶ 20. Yet, as stated above, HRPA's own records indicate that it has granted membership to numerous individuals who reside in the United States, including Virginia and has granted the SHRP designation to individuals who reside in the United States and Virginia. *See Exhibit 4 (Wallack Declaration) at Exhibits 2 and 3.* In addition, on or about October 7, 2010, Antionette Blunt and Daphene Fitzgerald, who are both leaders in the HRPA organization, attended a human resources conference in San Antonio, Texas. Both individuals had their SHRP designations on their name tags and on the attendee list. *See Exhibit 2 (Powers Declaration), at ¶ 4.* Thus, contrary to Mr. Allinson's statements, HRPA's own leadership is using the mark at issue in the United States.

HRPA's assertion that none of the SHRP designation holders reside in the United States is also false. *See Exhibit 4 (Wallack Declaration) at Exhibits 2 and 3.* According

to information uncovered without discovery, HRPA has issued the SHRP designation to numerous individuals in the United States and to at least one individual in Virginia. *Id.*

At first glance, the number of individuals who are members and have received the SHRP designation may appear low. However, it should be remembered that the SHRP designation is a relatively new designation and it is the next step in the credentialing process from the CHRP designation. Thus, individuals who are in Virginia and the United States who have the CHRP designation are likely to seek the SHRP designation as the next step in their credentialing process. HRCI should not be required to sit back and wait until the SHRP designation takes a greater hold in Virginia before it may seek redress for infringement. Indeed, HRCI has an obligation to police the use of its marks and confusingly similar marks and to take action to prohibit confusion or risk facing a laches defense.

It is also believed that many of HRPA's members are employed by large, multinational companies who are either based in the United States or have very significant contacts with the United States. It is unknown what connections these individuals have with this District. To the extent any additional information is required to fully demonstrate HRPA's activities in the United States and Virginia, HRCI should be permitted to obtain the information from HRPA through discovery.

Finally, HRPA attempts to paint the picture that it only intends to conduct business in Canada. Yet, in addition to the evidence presented above, HRPA's website proclaims that its mission is to be a "global leader" in human resources. *See Exhibit 1*. In addition, it is known that individuals from the United States, including Virginia, attend its HR conference.(*see Exhibit 4 (Wallack Declaration)* at ¶ 6) and leaders of HRPA

attend conferences in the United States and use the HRPA Marks at the conference. *See Exhibit 2 (Powers Declaration) at ¶ 4.*

**b. HRPA's interactive website.**

In addition to the direct interaction with the United States and Virginia described above, HRPA also maintains an interactive website that solicits individuals in the United States and Virginia to join HRPA and to obtain the SHRP designation. *See Exhibit 3.*

A defendant can purposefully avail itself to jurisdiction through its interactive website. *See e.g. ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002). The Fourth Circuit has adopted the law followed in the W.D. PA (3rd Cir.), *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119. *See e.g. ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002). In *Zippo*, the court adopted a model for internet-based subject matter jurisdiction based on a sliding scale. *Zippo*, 952 F.Supp. 1119, 1124. Thus, the court exercises jurisdiction over a defendant when the defendant 1) Directs electronic activity into that state, 2) with the intent of engaging in business or other interactions in that state and 3) the activity creates in a person in the state a potential cause of action. *Id.* Under the Zippo test, interactive sites are sufficient to establish personal jurisdiction in the forum state (sufficient contacts), passive sites are not sufficient to establish personal jurisdiction in the forum state (merely informational sites) and semi-interactive sites (not a high volume of transactions, yet users exchange information with the host) require an examination of the level of interactivity and the commercial nature of the exchange of information that occurs. *Id.* "If the defendant enters into contracts with residents of a foreign jurisdiction that involve the knowing and repeated transmission of computer files over the internet,

personal jurisdiction is proper." *ALS Scan, Inc. v. Digital Service Consultants, Inc.*, 293 F.3d 707, 713 (4th Cir. 2002).

In order to obtain the SHRP designation at issue in this litigation, an individual is required to take a "self-assessment" and complete an application, both of which are available on HRPA's interactive website. *See Exhibit 3.* The self-assessment is to be completed and submitted on-line through HRPA's interactive website. *Id.* The application will then be sent to HRPA through the mail. *Id.* The website also has links to webinars, including at least six (6) webinars concerning the SHRP designation, which are accessible to individuals in this District. *See Exhibit 5.* It is already known that at least one individual in this District has joined HRPA using its interactive site and that multiple individuals in Virginia are members of HRPA. *See Exhibit 4 (Wallack Declaration) at Exhibit 2 and ¶4.*

Thus, HRPA's website is interactive and accessible in Virginia. HRPA's intent to engage in business in Virginia is evidenced by the fact that it has engaged in business in Virginia by granting membership to individuals who reside in Virginia. Finally, by granting the SHRP designation to an individual who resides in Virginia, HRPA has infringed HRCI's marks in Virginia, thus creating a case of action in this District.

**3. The Court has jurisdiction over HRPA pursuant to Rule 4.**

Should the Court determine there are insufficient contacts to satisfy due process pursuant to *ALS Scan*, "there is an alternate basis for personal jurisdiction in this case under Rule 4(k)(2), Fed. R.Civ.P. This Rule provides for personal jurisdiction through nationwide service of process over any defendant provided (i) exercise of jurisdiction is consistent with the Constitution and the laws of the United States, (ii) the claim arises

under federal law, and (iii) the defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state. See Rule 4(k)(2), Fed.R.Civ.P." *Graduate Management Admissions Council v. Raju*, 241 F. Supp. 2d 589, 596-597 (E.D. Va. 2003).

"Rule 4(k)(2) was added in 1993 to deal with a gap in federal personal jurisdiction law in situations where a defendant does not reside in the United States, and lacks contacts with a single state sufficient to justify personal jurisdiction, but has enough contacts with the United States as a whole to satisfy the due process requirements." *Id. at 597.*

As stated above and as evidenced by HRPA's United States membership list (*see Exhibit 4 (Wallack Declaration) at Ex. 3)*, HRPA has numerous members in the United States and conducts a significant amount of business throughout the United States, albeit not centered in one particular state. This is exactly the type of scenario Rule 4 is intended to cover. Accordingly, should the Court determine there are insufficient contact with Virginia to support specific jurisdiction, it should find that personal jurisdiction exists under Rule 4(k)(2).

## IV. CONCLUSION

This Court has subject matter jurisdiction over HRPA because the action involves HRPA's conduct in the United States. HRCI has provided significant evidence of HRPA's use of the marks at issue in this to action that contradict HRPA's general assertions that it does not conduct business in the United States and support a finding that this Court has personal jurisdiction over HRPA. Should additional information be required, HRCI should be afforded the opportunity to obtain that information through

discovery. Accordingly, HRCI respectfully requests that HRPA's Motion to Dismiss be denied.

Date: October 12, 2010

Respectfully Submitted,

By: /s/ David J. Sensenig

David. J. Sensenig (VSB # 41102)
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, Virginia 23238
Telephone: 804-658-1376
Facsimile: 804-784-4423
dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource Certification Institute*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of October, 2010, the foregoing was electronically filed and served using the CM/ECF system on the following parties:

H. Scott Johnson, Jr., Esquire
PCT Law Group, PLLC
1725 Duke Street, Suite 240
Alexandria, Virginia 22314
sjohnson@pctlg.com
*Counsel for Defendant Human Resources Professionals Association*

/s/ David J. Sensenig
David. J. Sensenig (VSB# 41102)
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, Virginia 23238
Telephone: 804-658-1376
Facsimile: 804-784-4423
dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource Certification Institute*