## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

HUMAN RESOURCE CERTIFICATION )
INSTITUTE )
                                   )
                  Plaintiff, )
                                   )
v.                                 ) Civil Action: 1:10-cv-822
                                   ) LO/JFA
HUMAN RESOURCES PROFESSIONAL )
ASSOCIATION )
                                   )
                  Defendant. )

## HRCI'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO CONDUCT LIMITED DISCOVERY

Human Resource Certification Institute ("HRCI"), by counsel, states as follows in support of its Motion for Leave to Conduct Limited Discovery:

### I.    INTRODUCTION

As detailed in HRCI's Opposition to HRPA's Motion to Dismiss, filed simultaneously herewith, HRCI has already alleged and uncovered evidence concerning HRPA's business activities in the United States,[1] including activities in Virginia involving the use of the SHRP certification mark, an SHRP shield service mark that is identical to HRCI's shield and the SENIOR HUMAN RESOURCES PROFESSIONAL service mark ("HRPA Marks") *See Opposition* at Section III(B).

Based on the information already submitted, HRCI maintains it has clearly met its burden to demonstrate this Court has personal jurisdiction over HRPA. However, should additional evidence be required, HRCI should be entitled to conduct limited discovery focused on the factual issues raised by HRPA in its Motion to Dismiss because (1) most

of the information concerning HRPA's activities is not publicly available, and (2) HRCI

has uncovered information directly contradicting HRPA's assertions concerning its lack

of activity in the United States and Virginia.  HRCI requests the Court direct HRPA to

serve responses to these discovery requests within fourteen (14) days of the entry of an

order granting HRCI's Motion.

## II.   BACKGROUND

In this action, HRCI asserts HRPA's use of the SHRP Marks infringes on HRCI's

federally registered trademarks.  In response to HRCI's Complaint, HRPA asserts in its

Motion to Dismiss that it does not conduct business or use the HRPA Marks in the United

States.  HRPA solicits individuals to become members.  The HRPA Marks, generally, are

used by HRPA's members to tout their HR experience and acumen.  HRPA also uses the

mark in materials provided to its members, including but not limited to on-line webinars.

This information is only available to HRPA members and, thus, is not publicly available.

In addition, HRPA's interaction with its members and the use of the SHRP Marks by its

members, is information that is not publically available.

## III.   ARGUMENT

HRCI has uncovered significant evidence concerning HRPA's conduct in the

United States that directly contradicts the factual assertions made by HRPA in its Motion

to Dismiss and, more specifically, assertions made by J. Scott Allinson in his Declaration

submitted in support of the Motion to Dismiss ("Allinson Dec.").  *See* Opposition at

Section III(B).  HRCI contends the evidence it provided establishes a *prima facie*

showing sufficient to support personal jurisdiction.  *See Am. Online, Inc. v. Huang*, 106

F. Supp. 2d 848, 853 (E.D. Va. 2000) (Alexandria Division) ("To survive the

jurisdictional challenge, a plaintiff need only make a *prima facie* showing of a sufficient jurisdictional basis on the basis of the complaint and supporting affidavits.   In considering a defendant's challenge to personal jurisdiction, a court must construe all relevant allegations in the light most favorable to the plaintiff and draw the most favorable inferences for the existence of jurisdiction.") (internal citations omitted).

However, if the Court believes the information obtained by HRCI without discovery is insufficient to support jurisdiction — a point HRCI does not concede — then HRCI must be permitted to conduct limited jurisdictional discovery.

### A.    The Applicable Legal Standard

Federal Rule of Civil Procedure 26(d) states "except when authorized under these rules or by order . . . a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Fed. R. Civ. P. 26(d).  However, "[a] district court may allow a party asserting jurisdiction to conduct discovery to help establish the jurisdictional facts. . . ." *Weinstein v. Todd Marine Enterprises, Inc.*, 115 F. Supp. 2d 668, 676 (E.D. Va. 2000) (Norfolk Division).

In assessing whether discovery on jurisdictional issues is appropriate, courts have looked to whether the party seeking the discovery has made more than "bare allegations" that the defendant may have sufficient contacts with the forum state to confer jurisdiction. *See Weinstein*, 115 F. Supp. 2d at 676.  In addition, leave to conduct discovery on jurisdictional issues is appropriate where there are "significant gaps in the record as to the nature and extent" of the defendant's contacts with the forum state and when that "information is uniquely in the control of the defendant." *Coastal Video Communications, Corp. v. Staywell Corp.*, 59 F. Supp. 2d 562, 572 (E.D. Va. 1999) (Norfolk Division) (granting request for jurisdictional discovery because pertinent

3

information was in control of the defendant and there existed "significant gaps in the record as to the nature and extent" of defendant's contacts with forum).

Finally, "[i]f the district court concludes that the existing record is insufficient to support personal jurisdiction, [defendant] is entitled to jurisdictional discovery" if it can demonstrate how such discovery can further support such jurisdiction. *Trintec Indus., Inc. v. Pedre Promotional Prod., Inc.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005); *accord Crawford Harbor Associates v. Blake Const. Co., Inc.*, 661 F. Supp. 880, 881 (E.D. Va. 1987) (after hearing on motion to dismiss, court required plaintiff to respond to interrogatories and requests for documents related to personal jurisdiction).

### 1. HRCI is entitled to discovery because much of the relevant information is not publicly available.

First, even without discovery, HRCI has provided more than "bare allegations" concerning HRPA's activities in this District. HRCI has uncovered significant evidence of HRPA's activities in the Untied States and Virginia, and specifically, its use of the HRPA Marks in the United States. *See Opposition, Exhibit 4 (Wallack Declaration.)*

As stated above, HRPA is an association made up of members. HRPA's members use the HRPA Marks. Details concerning HRPA's members and their use of the HRPA Marks are not publicly available. In addition, HRPA provides its members with an array of materials and resources, including information and resources concerning the SHRP mark, but this information is also not publicly available. *See Opposition, Exhibit 4 (Wallack Declaration) at ¶ 5.*

### 2. Discovery is warranted because HRPA's general statements concerning its conduct in the United States have been directly contradicted.

4

In its Motion to Dismiss, HRPA made general statements that it does not conduct any business in the Untied States or Virginia and that it does not use the HRPA Marks in the United States or Virginia. HRCI has already uncovered significant information concerning HRCI's activity in the United States and in Virginia directly contradicting the statements made in the Allinson Declaration and in HRPA's Memorandum in Support of its Motion to Dismiss. Thus, discovery is warranted to penetrate the factual controversies between the parties concerning HRPA's conduct in the United States and its use of the HRPA Marks in the United States and Virginia.

For example, HRPA states it "does not conduct any business anywhere in the United States." *See Memorandum in Support, Allinson Declaration* at ¶ 19. Despite not having full access to HRPA's membership information, HRCI has recently discovered that HRPA has numerous members in the United States and has members in Virginia. *See Opposition, Exhibit 4 (Wallack Declaration) at Ex. 2 and 3.* Upon information and belief, these members in the United States regularly obtain information and resources from HRPA, including information concerning the SHRP designation. *Id. at ¶5.*

HRPA states it "does not intend for its designations to be used anywhere but Canada," *See Memorandum in Support, Allinson Declaration* at ¶ 20. Yet, HRPA's own records indicate that it granted the SHRP designation to numerous individuals who reside in the United States, and at least one of those individuals resides in this district. *See Opposition, Exhibit 4 (Wallack Declaration) at Ex. 2 and 3.* In addition, on or about October 7, 2010, Antionette Blunt and Daphene Fitzgerald, who are both leaders in the HRPA organization, attended a human resources conference in San Antonio, Texas. Both individuals had their SHRP designations on their name tags and on the attendee list.

*See Opposition, Exhibit 2 (Powers Declaration) at ¶ 4.* Thus, HRPA's own leadership is using the mark at issue in the United States, in direct contradiction to Mr. Allison's declaration.

Another contradiction is that HRPA states it "does not advertise, solicit membership, or engage in any professional activities anywhere in the Untied States." *See Memorandum in Support (Allinson Declaration)* at ¶ 22. Yet, HRPA maintains an interactive website soliciting individuals to join the association and providing an online application for individuals in the United States to join. *See Opposition, Exhibit 3.* The website also has links to webinars, including at least six (6) webinars concerning the SHRP designation. *See Opposition Exhibit 5.*[2] HRPA attempts to paint the picture that it only conducts business in Canada. Yet, its own website proclaims its mission is to be a "global leader" in human resources. *See Opposition Exhibit 1.* HRPA claims to hold the second largest HR conference in the world. It is known that individuals from the United States, including Virginia, attend its HR conference. *See Opposition Exhibit 4 (Wallack Declaration) at ¶ 6.*

It is also believed that many of its members are employed by large, multinational companies who are either based in the United States or have very significant contacts with the United States. It is unknown what connections these individuals have with this District. To the extent any additional information is required to fully demonstrate HRPA's activities in the United States and Virginia, HRCI should be permitted to obtain the information from HRPA through discovery.

---

[2] It is known that at least one individual in this District has joined HRPA via its online application and that multiple individuals in Virginia are members of HRPA. *Opposition, Exhibit 4 (Wallack Declaration) at ¶ 4.*

In sum, HRCI is entitled to discovery because (1) much of the information relevant to the jurisdictional issue resides with HRPA and is not publicly available and (2) HRCI has already discovered significant evidence directly contradicting HRPA's factual assertions concerning its conduct in the United States.

## B.    The Discovery Requested By HRCI

The Requests for Production and Interrogatories which HRCI seeks leave to propound on HRPA are attached as Exhibits 1 and 2, respectively.  Generally, HRCI seeks from HRPA production of information which would further cement assertion of specific and/or general personal jurisdiction over HRPA, including:  (1) HRPA members who reside or conduct significant business in the United States and Virginia; (2) HRPA's use of the HRPA Marks in the United States; (3) HRPA's efforts to solicit membership in the United States and Virginia; and (4) HRPA's efforts to solicit individuals in the United States and Virginia to obtain the SHRP designation.

### 1.    HRCI's Requested Discovery Is Relevant To
        Jurisdiction Over HRPA

HRCI is not embarking on a fishing expedition.  HRCI's proposed document requests and interrogatories are limited to the topics the law considers relevant to assess HRPA's jurisdictional objections. This merits granting HRCI's motion. *See Trintec*, 395 F.3d at 1283 (faced with a similar conclusory declaration from the objecting foreign defendant and a declaration from plaintiff's attorney showing contacts of that defendant gathered off the Internet, appellate court concluded "the record suggests plaintiff made a prima facie showing of personal jurisdiction" but since "that evidence is sparse" remanded to trial court for "whatever discovery appears appropriate to ensure that the record is adequate to determine whether it has personal jurisdiction over [objecting

foreign defendant]"). *Cf. Colt Defense LLC v. Heckler & Koch Defense, Inc.*, 2004 U.S. Dist. LEXIS 28690 at * 76 (E.D. Va. 2004) (Norfolk Division) (motion for leave to conduct discovery concerning personal jurisdiction issue denied because plaintiff "presents no reasons as to why such discovery should be permitted and suggests no avenues by which jurisdictional facts will be obtained" and because plaintiff's "pleadings contained no specific facts that could help establish the requisite contacts between the defendant and the forum").

### 2.  Any Burden On HRPA From This Discovery Is Minimal and Justified

The law puts the burden on HRPA to escape this Court's assertion of jurisdiction given HRCI's prima facie showing of minimum national contacts.  Opp. at III.C.2.b (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985)).  Moreover, as set forth above, the law favors jurisdictional discovery where, as here, such discovery will further elucidate whether jurisdiction exists.  In addition, having raised the personal jurisdiction issue, and having proffered the Allinson Declaration in support of its position, HRPA cannot credibly argue that it will be burdened or inconvenienced by having to respond to narrow discovery testing its assertions on an expedited basis. Presumably, HRPA has already conducted the necessary investigation into these matters in order to state the conclusions made in connection with its Motion to Dismiss and in the Allinson Declaration.  Finally, HRCI is willing to agree to any reasonable restrictions on dissemination of such information to protect any confidentiality concerns that HRPA may have.

## IV.   CONCLUSION

For the foregoing reasons, if the Court is not yet convinced HRCI states a prima facie case for jurisdiction over HRPA, it should order HRPA to respond to the written discovery attached to this Motion as Exhibits 1 and 2 within fourteen (14) days of the Court's entry of an Order granting this Motion.

October 12, 2010                                  Respectfully submitted:


                                        By: _____/s/_____
                                        David. J. Sensenig, VSB No. 41102
                                        Gavin Law Offices, PLC
                                        2500 Gaskins Road, Suite B
                                        Richmond, Virginia 23238
                                        Telephone:  804-658-1376
                                        Facsimile: 804-784-4423
                                        dsensenig@gavinlawoffices.com
                                        *Counsel for Plaintiff Human Resource
                                        Certification Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of October, 2010, the foregoing was electronically filed and served using the CM/ECF system on the following parties:

H. Scott Johnson, Jr., Esquire
PCT Law Group, PLLC
1725 Duke Street, Suite 240
Alexandria, Virginia  22314
sjohnson@pctle.com
*Counsel for Defendant Human
Resources Professionals Association*

/s/ David J. Sensenig
David. J. Sensenig (VSB# 41102)
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, Virginia 23238
Telephone:  804-658-1376
Facsimile: 804-784-4423
dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource
Certification Institute*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| HUMAN RESOURCE CERTIFICATION INSTITUTE | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:10cv822 |
| | ) LO/JFA |
| | ) |
| HUMAN RESOURCES PROFESSIONAL ASSOCIATION | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## HRCI's FIRST SET OF INTERROGATORIES TO HRPA

Plaintiff, Human Resources Certification Institute ("HRCI"), by counsel, pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, the Local Rules of the Court, and the Orders of the Court, hereby requests that Defendant Human resources Professional Association of Ontario ("HRPA") answer the following interrogatories separately, fully, and under oath within thirty (30) days of service.

## DEFINITIONS

1.      "Action" shall mean the above-styled case.

2.      "Affiliate" shall mean any corporation or entity that is related through corporate ownership of stocks such as a parent, subsidiary or sister company or through common directors, officers, and employees, either at the present time or at any time in the past.


EXHIBIT
1

3.      "And" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

4.      "Answer" means any response to HRCI's *Complaint* filed in this Action.

5.      "Communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, or electronic mail.

6.      "Complaint" means the *Complaint* filed by HRCI on July 26, 2010 in the United States District Court for the Eastern District of Virginia and includes any future amended versions.

7.      "Document" means any written, printed, recorded, or graphic matter that is or has been in Your actual and constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, and includes but is not limited to correspondence, electronic mail and other electronic documents, PowerPoint presentations, Excel or other spreadsheets, Word or other word processing documents, records, reports, memoranda, handwritten or other notes, letters, facsimiles, messages (including, without limitation, reports of telephone conversations and conferences and electronic text messages), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to, interoffice and intraoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries, schedules, printouts, drawings, specifications, certificates of registration,

2

applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, Internet webpages, Internet blogs or other postings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records, files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts, and non-identical copies thereof. If the original of a document is unavailable or was not reviewed or received by a particular person, "document" includes any identical copy of the original. Any document bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, is a separate document.

8.     "HRCI" refers to Human Resources Certification Institute and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

9.     "HRPA" refers to Human Resources Professional Association of Ontario and all predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives and any other person acting on its behalf.

10.   "Identify" means:

(a)   with reference to a person, state the full name, residential and business address, telephone number, and relationship, if any, to HRPA;

(b)   with reference to a legal entity or organization, state the full name, the place of incorporation or formation, the address of the principal place of business, and the identity of at least one person having knowledge of the matter requested by the interrogatory;

(c)   with reference to a Document, state with respect to such Document the nature and substance of the Document with sufficient particularity to enable the Document to be identified, including its title and date, if any, and the location of the Document;

(d)   with reference to an oral Communication, state its nature; its substance; the date and place thereof; the identity and address of each person participating therein, present during, or witness to any part thereof; and a description of each Document that records, describes or makes reference to the Communication;

(e)   with reference to facts, state the substance of the facts with particularity and the source thereof;

(f)   with reference to a legal action, state the name of the action, the names of all parties thereto, the date the action was filed, and the court in which the action was or is pending;

(g)   in all other instances, describe the referenced information with sufficient particularity to render the subject reasonably recognizable or ascertainable.

11.   "Inception" means the point in time when the genesis of the idea or what was to become the identified entity was first communicated.

12.   "Including," "include," and "includes" mean that the following list contains illustrative examples of the types of documents responsive to the request, but that the list is

without limitation and does not constitute an exclusive or all-encompassing listing of every kind of document responsive to the request.

13. "Operations" means the manner in which the identified entity conducts its business, including, without limitation, the policies which govern the entity, the people who create those policies, the people who execute those policies, and the location where the entity conducts its business.

14. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "person."

15. "Plaintiff" means HRCI.

16. "Relating" means referring to, concerning, pertaining to, describing, mentioning, evidencing, constituting, supporting, or undermining.

17. "Member" means any past or present registered member of HRPA, any past or present HRPA Certificant or any past or present applicant for HRPA membership or HRPA certification.

18. "Thing(s)" means any tangible object other than a document including without limitation objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

19. "Third Party" or "Third Parties" refers to anyone other than HRCI or HRPA.

20.    "You" or "Your" refers to the Person or entity responding to this discovery request and all of its predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives, and any other person acting on its behalf.

21.    Use of a singular noun shall be construed to include the plural noun, and use of a plural noun shall be construed to include the singular noun.  The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

22.    "HRPA Marks" means the SENIOR HUMAN RESOURCES PROFESSIONAL (word mark) the SHRP (word mark) and the SHRP and shield design mark.



23.    "HRCI Marks" means the following marks: U.S. Registration No. 2,934,752 for the SPHR certification mark, U.S. Registration No. 3,512,952 for the SPHR–CA certification mark, U.S. Registration No. 1,703,985 for the PHR certification mark, U.S. Registration No. 3,516,877 for the PHR-CA certification mark, U.S. Registration No. 3,421,106 for the stylized SPHR and shield design service mark, U.S. Registration No. 3,416,517 for the stylized PHR and shield design service mark and U.S. Serial Number 76/697423 for the SENIOR PROFESSIONAL IN HUMAN RESOURCES[SM] service mark.

 

## INSTRUCTIONS

1.     If any Document identified in an answer to an Interrogatory was, but is no longer, in Your possession, custody, or control, or was known to You but is no longer in existence, state what disposition was made of it or what became of it.

2.     In Your response to these Interrogatories, please restate the text of each Interrogatory preceding Your response thereto.

3.     This Set of Interrogatories is deemed to be continuing and must be supplemented as required by the Federal Rules of Civil Procedure.  If, after responding to these Interrogatories, You obtain or become aware of any further information responsive to this Set of Interrogatories, You are required to provide HRCI with such additional information as required by the Federal Rules of Civil Procedure.

4.     All questions regarding the meaning or interpretation of these Interrogatories should be directed to the undersigned counsel.

## INTERROGATORIES

1.     For each of the HRPA Marks and any other HRPA Marks, identify all goods or services promoted under each mark and, for any certification marks, identify the requirements to

earn the designation, specifically including any option or requirement that Certificants take any SHRM courses.

**ANSWER:**

2.      For each of the HRPA Marks, identify any of Your uses of each of the marks in the United States, including but not limited to any print, electronic, webpage or broadcast media marketing or advertisements, along with respective dates of first use for any of the foregoing.

**ANSWER:**

3.      Identify all individuals, wherever located, who have received or applied for the SHRP certification since 2005, including but not limited to the individual's address upon application and as currently known to you, the name of each individual's employer and the date on which such individual received a certification or re-certification and the date on which such individual applied for a certification or recertification.

**ANSWER:**

4.      Identify the members of HRPA since 2005, wherever located, including but not limited to the individual's address upon application and as currently known to you, the name of each individual's employer and the date on which such individual was accepted as a HRPA member.

**ANSWER:**

5.      Identify the manner in which the HRPA Marks are used by You or Your Members.

**ANSWER:**

6.     Identify the individuals who have attended any HRPA webinars, including but not limited to the individual's address and the name of each individual's employer.

**ANSWER:**

Dated: October 12, 2010

Respectfully submitted:

By: _____/s/_____
David J. Sensenig, VSB No. 41102
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, VA 23238
Tel. (804) 658-1376
Fax: (804) 784-4423
E-mail: dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource Certification Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day October, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> H. Scott Johnson, Jr.
> Angela H. France
> PCT Law Group, PLLC
> 1725 Duke Street, Suite 240
> Alexandria, VA 22314
> Counsel for Defendant

_____/s/_____
David J. Sensenig, VSB No. 41102
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, VA 23238
Tel. (804) 658-1376
Fax: (804) 784-4423
E-mail: dsensenig@gavinlawoffices.com
Counsel for Plaintiff Human Resource Certification Institute

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| HUMAN RESOURCE CERTIFICATION INSTITUTE | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No.: 1:10cv822 |
| | ) LO/JFA |
| | ) |
| HUMAN RESOURCES PROFESSIONAL ASSOCIATION | ) |
| | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

## PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS TO DEFENDANTS

Plaintiff Human Resource Certification Institute ("HRCI"), pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the Local Rules of the Court, and the Orders of the Court, hereby requests that Defendant Human Resources Professional Association ("HRPA") produce the following documents to Gavin Law Offices, PLC, 2500 Gaskins Road, Suite B, Richmond, Virginia, 23238.

## DEFINITIONS

The definitions stated in the Interrogatories served contemporaneously herewith are incorporated herein.

1.    "Action" shall mean the above-styled case.

EXHIBIT
2

2. "Affiliate" shall mean any corporation or entity that is related through corporate ownership of stocks such as a parent, subsidiary or sister company or through common directors, officers, and employees, either at the present time or at any time in the past.

3. "And" and "or" shall be construed conjunctively or disjunctively as necessary to make requests inclusive rather than exclusive.

4. "Communication" means any transmission of information from one person to another, including, without limitation, by personal meeting, telephone, facsimile, or electronic mail.

5. "Document" means any written, printed, recorded, or graphic matter that is or has been in Your actual and constructive possession or control, regardless of the medium on which it is produced, reproduced, or stored, and includes but is not limited to correspondence, electronic mail and other electronic documents, PowerPoint presentations, Excel or other spreadsheets, Word or other word processing documents, records, reports, memoranda, handwritten or other notes, letters, facsimiles, messages (including, without limitation, reports of telephone conversations and conferences and electronic text messages), studies, analyses, books, magazines, newspapers, publications, booklets, pamphlets, circulars, bulletins, instructions, minutes or other communications (including but not limited to, interoffice and intraoffice communications), questionnaires, surveys, contracts, memoranda of agreements, assignments, books of accounts, orders, working papers, records or summaries of negotiations, voice recordings, records or summaries of personal interviews or conversations, appointment calendars, diaries,

schedules, printouts, drawings, specifications, certificates of registration, applications for registration, graphs, charts, studies, plans and planning materials, statistical statements, compilations, forecasts, work papers, invoices, statement notebooks, data sheets, microfilm, microfiche, photographic negatives, architectural diagrams, blue prints, schematics, logic diagrams, timing diagrams, flow charts, pictures, photographs, belts, tapers, magnetic tapes, paper tapes, platter output recordings, Internet webpages, Internet blogs or other postings, electronic mail records and messages, magnetic and optical disks, data cards, films, data processing films, and all other computer-readable records, files, and programs, object codes, source codes, and all other written, printed, or recorded matter of any kind, and all other data compilations from which information can be obtained and translated, if necessary, and all originals (or, if originals are unavailable, identical copies thereof), drafts, and non-identical copies thereof. If the original of a document is unavailable or was not reviewed or received by a particular person, "document" includes any identical copy of the original. Any document bearing any marks, including but not limited to, initials, stamped indicia, comments or notations, not part of the original text or photographic reproduction thereof, is a separate document.

6.     "Identify" means:

(a)     with reference to a person, state the full name, residential and business address, telephone number, and relationship, if any, to TK;

(b)     with reference to a legal entity or organization, state the full name, the place of incorporation or formation, the address of the principal place of business, and the identity of at least one person having knowledge of the matter requested by the interrogatory;

(c) with reference to a Document, state with respect to such Document the nature and substance of the Document with sufficient particularity to enable the Document to be identified, including its title and date, if any, and the location of the Document;

(d) with reference to an oral Communication, state its nature; its substance; the date and place thereof; the identity and address of each person participating therein, present during, or witness to any part thereof; and a description of each Document that records, describes or makes reference to the Communication;

(e) with reference to facts, state the substance of the facts with particularity and the source thereof;

(f) with reference to a legal action, state the name of the action, the names of all parties thereto, the date the action was filed, and the court in which the action was or is pending;

(g) in all other instances, describe the referenced information with sufficient particularity to render the subject reasonably recognizable or ascertainable.

7. "Including," "include," and "includes" mean that the following list contains illustrative examples of the types of documents responsive to the request, but that the list is without limitation and does not constitute an exclusive or all-encompassing listing of every kind of document responsive to the request.

8. "Person" means any natural person, corporation, proprietorship, partnership, joint venture, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors, and successors of such "person."

9.   "Member" means any past or present registered member of HRPA, any past or present HRPA Certificant or any past or present applicant for HRPA membership or HRPA certification.

10.   "Relating" means referring to, concerning, pertaining to, describing, mentioning, evidencing, constituting, supporting, or undermining.

11.   "Thing(s)" means any tangible object other than a document including without limitation objects of every kind and nature, as well as prototypes, models, drafts, or specimens thereof.

12.   "You" or "Your" refers to the Person or entity responding to this discovery request and all of its predecessors, successors, subsidiaries, divisions, parents, and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, consultants, representatives, and any other person acting on its behalf.

13.   Use of a singular noun shall be construed to include the plural noun, and use of a plural noun shall be construed to include the singular noun.  The use of a verb in any tense shall be construed as the use of that verb in all other tenses whenever necessary to bring within the scope of the discovery request documents or information that might otherwise be construed to be outside its scope.

## INSTRUCTIONS

1.   In producing the Documents and Things requested, You shall furnish all Documents and Things known or available to You upon reasonable investigation and inquiry, and within Your possession, custody, or control, wherever located, regardless of

whether such Documents and Things are possessed directly by You or by any of Your agents, officers, employees, attorneys, representatives, or those acting on Your behalf. Documents and Things requested are not limited to any beginning or ending date.

2.    This Request for Production is deemed to be continuing and must be supplemented as required by the Federal Rules of Civil Procedure. If, after producing Documents and Things, You obtain or become aware of any further Document(s), Things or information responsive to this Set of Requests, You are required to produce to HRCI such additional Documents and Things, and/or to provide HRCI with such additional information as required by the Federal Rules of Civil Procedure.

3.    In the event You withhold any Document on the basis that it is privileged, subject to work product immunity, or otherwise excludable from discovery, You are requested to list each such Document by request number and to state the following:

(a)    the type of Document (*e.g.*, letter, memorandum, contract);

(b)    the title of the Document;

(c)    the date the Document was made or written and/or sent or disclosed and disseminated to the addressee(s);

(d)    the subject matter of the Document;

(e)    the name, address, and present occupation of the person(s) having possession;

(f)    the name, address, and present occupation of the person(s) who prepared the Document;

(g)    the name, present address, and occupation of the person(s) with access to the Document at the time of dissemination to the addressee(s);

(h)    the basis upon which the Document is withheld and such other details to give HRCI sufficient information to determine whether to make a motion with respect thereto.

4.  If any request is objected to as overly broad or unduly burdensome, please produce those Documents and Things which are unobjectionable and specifically identify the respect in which the request is allegedly overly broad or burdensome, respectively.

5.  If a Document or Thing was, but is no longer, in Your possession, custody, or control, or no longer exists, state whether it is (i) missing or lost, (ii) has been destroyed, (iii) has been transferred, voluntarily or involuntarily, to others, or (iv) otherwise disposed of. In each instance of such Document, please (i) explain the circumstances surrounding and authorization for the unavailability, destruction, or disposition thereof; (ii) state the date or approximate date thereof, (iii) state the name and title of the author(s), sender(s), and recipient(s) thereof, and (iv) state the name(s) and address(es) of all persons having knowledge regarding the unavailability, destruction, or disposition thereof.

6.  In Your responses to these Requests for Production, please restate the text of each Request for Production preceding Your response thereto.

7.  All questions regarding the meaning or interpretation of these requests should be directed to the undersigned counsel.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Produce your past and present membership lists for all HRPA Members in Canada and the United States, including information sufficient to identify the residence of each Member, the employer of each Member, the date each became a Member and any designations issued to and/or applied for by each Member.

### REQUEST FOR PRODUCTION NO. 2:

Produce copies of all advertisements and trade publications that were distributed in the United States in which You advertised or in which you were mentioned.

### REQUEST FOR PRODUCTION NO. 3:

Produce documents sufficient to show all solicitation materials sent by or for You to Your members in the United States.

### REQUEST FOR PRODUCTION NO. 4:

Produce any documents sufficient to show any communications sent to Your Members in the United States.

### REQUEST FOR PRODUCTION NO. 5:

Produce any and all documents containing information regarding your past, present or future plans to offer HR certification services in the United States.

### REQUEST FOR PRODUCTION NO. 6:

Produce any documents containing inquiries regarding Your certification services and/or programs from individuals and/or businesses located in the United States, along with the total number of hits to Your website, whether or not originating in the United States.

8

## REQUEST FOR PRODUCTION NO. 7:

Produce all documents showing the manner and geographic area in which You or Your Members use the HRPA Marks.

## REQUEST FOR PRODUCTION NO. 8:

Produce all documents concerning use or instructions not to use within the U.S. the HRPA Marks.

Dated: October 12, 2010          Respectfully submitted:

By: _____ /s/ _____
David J. Sensenig, VSB No. 41102
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, VA 23238
Tel. (804) 658-1376
Fax: (804) 784-4423
E-mail: dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource*
*Certification Institute*

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day October, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

H. Scott Johnson, Jr.
Angela H. France
PCT Law Group, PLLC
1725 Duke Street, Suite 240
Alexandria, VA 22314
*Counsel for Defendant*

_____ /s/ _____
David J. Sensenig, VSB No. 41102
Gavin Law Offices, PLC
2500 Gaskins Road, Suite B
Richmond, VA 23238
Tel. (804) 658-1376
Fax: (804) 784-4423
E-mail: dsensenig@gavinlawoffices.com
*Counsel for Plaintiff Human Resource*
*Certification Institute*